**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ABHIJIT PRASAD, | No. 15-15256 |
| Plaintiff - Appellant, | D.C. No. 5:14-cv-00179-BLF |
| v. | MEMORANDUM[*] |
| SANTA CLARA DEPARTMENT OF SOCIAL SERVICES, *et al*., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Argued and Submitted February 15, 2017
San Francisco, California

Before: BERZON and CLIFTON, Circuit Judges, and GARBIS,[**] District Judge.

Abhijit Prasad appeals the district court's dismissal with prejudice of his

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Marvin J. Garbis, Senior United States District Judge for the District of Maryland, sitting by designation.

First Amended Complaint (FAC), in which he alleged causes of action for (1) deprivation of a liberty interest without due process of law under 42 U.S.C. § 1983; (2) conspiracy to deprive him of his civil rights under 42 U.S.C. § 1985; and (3) intentional infliction of emotional distress (IIED). The gravamen of Prasad's FAC is that Santa Clara County ("the County") and two of its employees (collectively, "the Defendants") included in the statewide Child Welfare System/Case Management System ("CWS/CMS") database allegations of child abuse lodged against Prasad in Santa Clara County, without allowing Prasad a hearing to contest the inclusion of these allegations in the CWS/CMS. We affirm in part and reverse in part.

1.     The district court did not err in dismissing Prasad's due process claim. It is undisputed that Prasad did not receive the opportunity to challenge his inclusion in CWS/CMS via an administrative hearing. But Prasad was able to challenge the factual basis behind the same allegation of child abuse included in the CWS/CMS in a grievance hearing, at which he contested his inclusion in a *second* state database, the Child Abuse Central Index (CACI). At that hearing, the County's findings as to the underlying allegation of child abuse were affirmed.[1]

_____

[1] At oral argument, counsel for the defendants suggested that the County's determination as to Prasad's younger daughter was "inconclusive" rather than

(continued...)

2

Prasad continues to litigate the outcome of his CACI hearing in state court. Should he ultimately obtain a reversal of the County's determination and succeed in having the child abuse allegation removed from CACI, it appears that the same allegation will remain in the CWS/CMS without any mechanism for challenging its inclusion in that database. If so, at that point Prasad may have a plausible due process claim. *See Castillo v. Cty. of Los Angeles*, 959 F. Supp. 2d 1255, 1257–58, 1264 (C.D. Cal. 2013). Because that issue is premature at this time, the district court did not err in dismissing Prasad's due process claim. The district court erred, however, in dismissing the claim with prejudice, as Prasad may eventually have a colorable claim if he ultimately prevails in state court.

2.     The district court did not err in dismissing Prasad's claim of conspiracy to deprive him of his civil rights. Generally, without "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action," no action under 42 U.S.C. § 1985 may lie. *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). Prasad's bare allegation that County officials conspired against him on the basis of his "race and national origin" is wholly conclusory and

_____

(...continued)
"substantiated," and that that determination was affirmed at the grievance hearing. The FAC, however, does not so allege, nor does it challenge any "inconclusive" determinations specifically.

3

unsupported by any facts alleged in his FAC. In fact, Prasad himself asserts elsewhere in the FAC that the defendants' motivation was financial rather than discriminatory.

3. The district court did not err in dismissing Prasad's IIED claim. To state a claim for IIED, a plaintiff must plausibly allege "extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress." *Hughes v. Pair*, 46 Cal. 4th 1035, 1050–51 (2009) (internal citations and quotation marks omitted). "A defendant's conduct is 'outrageous' when it is so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id.*

To the extent that Prasad argues that the entry of the Santa Clara County allegations into the CWS/CMS proximately caused him emotional distress, he has not plausibly pled that that conduct was outrageous in the sense that it "exceeded all bounds of that usually tolerated in a civilized society." The Defendants were required by California law to maintain a record of all reports of child abuse received, whether substantiated or not. *See* Cal. Penal Code § 11165.9. And the California legislature expressly authorized the creation of CWS/CMS to "[p]rovide all child welfare agencies with a common data base" and to "[c]onsolidate the collection and reporting of information for those programs which are closely

4

related to child welfare services." Cal. Welf. & Inst. Code § 16501.5(b)(4), (6). By entering reports of alleged child abuse into the CWS/CMS, the Defendants appear to have acted squarely within the bounds of acceptable societal behavior, as suggested by the Legislature's declaration of intent.

For the foregoing reasons, we **AFFIRM** the district court's dismissal of Prasad's FAC, and we **AFFIRM** the dismissal with prejudice as to Prasad's § 1985 claim and his IIED claim. We **VACATE** the dismissal with prejudice of Prasad's due process claim and **REMAND** to the district court. On remand, the district court shall enter judgment dismissing Prasad's due process claim without prejudice to refiling after the CACI proceedings are complete.