NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 3 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IVAN RUBTSOV; ANA TZUBERY; V. R., a minor, by and through her Guardian Ad Litem, Nick Rubstov,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>COUNTY OF LOS ANGELES, erroneously sued as Los Angeles County Department of Children and Family Services; MICHAEL WATROBSKI, Individually and in his Official Capacity; IAN ROSEN, AKA Ira Rosen, Individually and in his Official Capacity; XAVIER ROSALES, Individually and in his Official Capacity,<br><br>Defendants-Appellees. | No.  18-56635<br><br>D.C. No.<br>2:14-cv-01839-DDP-JC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted June 3, 2020
Pasadena, California

Before:  CALLAHAN and NGUYEN, Circuit Judges, and KANE,[**] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Yvette Kane, United States District Judge for the Middle District of Pennsylvania, sitting by designation.

Plaintiffs-Appellants Ivan Rubtsov, Ana Tzubery, and V.R. appeal the district court's grant of summary judgment in favor of Defendants-Appellees (collectively the "County") in their action against the County under 42 U.S.C. § 1983, alleging due process violations resulting from the inclusion of their names in the Child Welfare System/Case Management System ("CWS/CMS"). We have jurisdiction under 28 U.S.C. § 1291 and affirm the district court's grant of summary judgment for the County.

In 2009, the County investigated Rubtsov for a report of suspected emotional abuse of his children. The County substantiated the report after investigation and entered it into CWS/CMS, a statewide internal database for child welfare agencies. However, the County failed to forward the substantiated report to the California Department of Justice for inclusion in the Child Abuse Case Index ("CACI") per state law. In 2013, Rubtsov and Tzubery applied to foster a child and were denied due to Rubtsov's listing in CWS/CMS. When Rubtsov contacted the County, he was informed that there was no mechanism to challenge his inclusion in CWS/CMS and that he was entitled to a hearing only if he was included in CACI. The County then transmitted his substantiated report to CACI and scheduled a grievance hearing. Instead of going forward with the hearing, Rubtsov filed the current federal action.

The district court did not err in granting summary judgment to the County on

2

Rubtsov's due process claim. To survive summary judgment on his due process claim, Rubtsov must raise a triable issue of fact as to whether (1) the County deprived him of a constitutional liberty interest, and (2) that deprivation's attendant procedures were constitutionally insufficient. *Humphries v. County of Los Angeles*, 554 F.3d 1170, 1184-85 (9th Cir. 2009) (citing *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)). To meet the first requirement, Rubtsov must show that he suffered "stigma from governmental action plus alteration or extinguishment of 'a right or status previously recognized by state law[,]'" also known as the "stigma-plus" test. *Id.* at 1185 (quoting *Paul v. Davis*, 424 U.S. 693, 711 (1976)). Rubtsov claims that he has suffered "stigma-plus" harm in light of the evidence that he had a substantiated child abuse allegation in CWS/CMS, which eventually resulted in the denial of his ability to foster a child. The record indicates that Rubtsov's foster rights were negatively impacted not solely due to the County's inclusion of his information in CWS/CMS, but due to the County's disclosure of that information to an outside entity, despite state law provisions restricting the sharing of CWS/CMS records. *See* Cal. Welf. & Inst. Code §§ 827, 18961.5; Cal. Rule of Court 5.552.

Assuming, however, that Rubtsov has satisfied the "stigma-plus" test, his due process claim still fails at summary judgment given his inability to present any triable issue as to the sufficiency of the procedures available to him. Specifically,

3

Rubtsov was offered a CACI grievance hearing, where he would have had the opportunity "to challenge the factual basis behind the same allegation of child abuse" underlying his CWS/CMS listing. *See Prasad v. Santa Clara Dep't of Soc. Servs.*, 685 F. App'x 538, 540 (9th Cir. 2017); *see also Endy v. County of Los Angeles*, 716 F. App'x 700, 701 (9th Cir. 2018). If Rubtsov had availed himself of the hearing he was offered and succeeded, the County would have been required to request removal of his inclusion in CACI and update his CWS/CMS listing to "unfounded." *See* Cal. Penal Code § 11169(a). In that regard, the outcome of Rubtsov's CACI hearing would have an impact on his CWS/CMS listing. However, because Rubtsov declined to avail himself of the CACI hearing, he is unable to present on this record any triable issue that the procedures available to him were constitutionally insufficient.

Finally, we briefly address Tzubery and V.R.'s due process claims, which arise from the factual allegation that their names were listed in CWS/CMS as persons living with or affiliated with Rubtsov when he was investigated for suspected child abuse. There is no evidence in the record that either Tzubery or V.R. is listed as a suspected child abuser or that they otherwise suffer any stigma from their inclusion in CWS/CMS. Accordingly, their due process claims do not survive even the first prong of the "stigma-plus" test and fail as a matter of law.

We **AFFIRM** the district court's grant of summary judgment.

4